LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074, dalekgalipo@yahoo.com)
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:  (818) 347-3333; Facsimile: (818) 347-4118

MARDIROSSIAN & ASSOCIATES, INC.
Garo Mardirossian, Esq. (SBN 101812, garo@garolaw.com)
Lawrence D. Marks, Esq. (SBN 153460, lmarks@garolaw.com)
6311 Wilshire Boulevard
Los Angeles, CA 90048-5001
Telephone: (323) 653-6311; Facsimile: (323) 651-5511

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G., A.G., A.P., and L.P., in each case by and through their guardian *ad litem*, Maria Pantoja, individually and as a successor in interest to Richard Posadas, deceased, and LOURDES VAUGHAN, individually.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ARVIN; KEVIN ARCHULETA; ALDO ORNALES; PATRICIA STEWART and  DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:    20-473<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983);<br>4. Substantive Due Process<br>5. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/ False Imprisonment<br>9. Battery (wrongful death and survival)<br>10. Negligence (wrongful death and survival)<br>11. Negligent Infliction of Emotional Distress<br>12. Bane Act (Cal. Civil Code 52.1)<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Come now Plaintiffs J.G., A.G., A.P., and L.P., in each case by and through their guardian *ad litem*, Maria Pantoja, individually and as a successor in interest to Richard Posadas, deceased, and LOURDES VAUGHAN, individually, for their complaint against Defendants CITY OF ARVIN, KEVIN ARCHULETA, ALDO ORNALES, PATRICIA STEWART and DOES 1-10, inclusive, and hereby allege as follows:

## INTRODUCTION

1.      This civil rights and state tort action seeks compensatory and punitive damages arising from the death of Richard Posadas, ("DECEDENT") who was tased by City of Arvin Police Department Officers KEVIN ARCHULETA ("ARCHULETA"), PATRICIA STEWART ("STEWART") and ALDO ORNALES ("ORNALES") and shot and killed by Defendants ARCHULETA and ORNALES on December 5, 2018.

2.      Defendants STEWART, ARCHULETA and ORNALES proximately caused Plaintiffs' and DECEDENT's injuries, including by integrally participating or failing to intervene in the shooting and other uses of force, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in the Plaintiffs' damages and DECEDENT's injuries.  Defendants ARCHULETA, STEWART, and ORNALES are directly liable for Plaintiffs' damages and DECEDENT's injuries and death under federal law pursuant to 42 U.S.C. § 1983 and under California law.

3.      In addition, Defendant CITY OF ARVIN (the "CITY") and DOES 6-10 also proximately caused Plaintiffs' and DECEDENT's injuries and are liable under state law as well as under principles set forth in *Monell v. Department of Social Services*, 437 U.S. 658 (1978).

//

## **PARTIES**

4.      At all relevant times, DECEDENT was an individual residing in the County of Kern, California.

5.      Plaintiff LOURDES VAUGHAN ("VAUGHAN") is the mother of DECEDENT.  At all relevant times, VAUGHAN resided and currently resides in the County of Kern, California.  VAUGHAN sues in her individual capacity as the mother of DECEDENT.  In her individual capacity in this suit, VAUGHAN seeks wrongful death damages under federal law.

6.      Plaintiff A.G. is the minor son of DECEDENT.  A.G. resides in the County of Kern, California.  A.G. sues by and through his guardian *ad litem*, Maria Pantoja.  A.G. sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, DECEDENT.  A.G. seeks wrongful death and survival damages under federal and state law.

7.      Plaintiff L.P. is the minor son of DECEDENT.  L.P. resides in the County of Kern, California.  L.P. sues by and through his guardian *ad litem*, Maria Pantoja.  L.P. sues in his individual capacity for his own damages and for survival damages in his capacity as successor in interest to his father, DECEDENT.  L.P. seeks wrongful death and survival damages under federal and state law.

8.      Plaintiff A.P. is the minor daughter of DECEDENT.  A.P. resides in the County of Kern, California.  A.P. sues by and through her guardian *ad litem*, Maria Pantoja.  A.P. sues in her individual capacity for her own damages and for survival damages in her capacity as successor in interest to her father, DECEDENT.  A.P. seeks wrongful death and survival damages under federal and state law.

9.      Plaintiff J.G. is the minor daughter of DECEDENT. J.G. resides in the County of Kern, California.  J.G. sues by and through her guardian *ad litem*, Maria Pantoja.  J.G. sues in her individual capacity for her own damages and for survival

damages in her capacity as successor in interest to her father, DECEDENT.  J.G. seeks wrongful death and survival damages under federal and state law.

10.     At all relevant times, Defendant CITY OF ARVIN ("CITY") is and was a duly organized public entity existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants KEVIN ARCHULETA ("ARCHULETA"), an individual, ALDO ORNALES ("ORNALES"), an individual, PATRICIA STEWART, an individual, and DOES 1-10.  CITY is liable for the nonfeasance and malfeasance of ARCHULETA, ORNALES AND STEWART and DOES 1-10 for Plaintiffs' state law claims pursuant to Cal. Govt. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").  CITY is directly liable for Plaintiffs' claims under federal law pursuant to *Monell* and its progeny.

11.     At all relevant times, Defendant ARCHULETA was and is a police officer working for the City of Arvin Police Department.  At all relevant times, ARCHULETA was acting under color of law within the course and scope of his employment with the City of Arvin Police Department.  At all relevant times, ARCHULETA was acting with the complete authority and ratification of his principal, Defendant CITY.

12.     At all relevant times, Defendant ORNALES was and is a police officer working for the City of Arvin Police Department.  At all relevant times, ORNALES was acting under color of law within the course and scope of his employment with the City of Arvin Police Department.  At all relevant times, ORNALES was acting with the complete authority and ratification of his principal, Defendant CITY.

13.     At all relevant times, Defendant STEWART was and is a police sergeant working for the City of Arvin Police Department.  At all relevant times, STEWART

was acting under color of law within the course and scope of her employment with the City of Arvin Police Department.  At all relevant times, STEWART was acting with the complete authority and ratification of her principal, Defendant CITY.

14.     At all relevant times, Defendants DOES 1-5 ("DOE OFFICERS") were police officers working for the City of Arvin Police Department.  DOE OFFICERS were acting under color of law within the course and scope of their employment with the CITY, including the City of Arvin Police Department.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

15.     At all relevant times, Defendants DOES 6-10 ("SUPERVISORY DOES") were and are managerial, supervisorial, and policymaking employees of the City of Arvin Police Department, who were acting under color of law within the course and scope of their employment.  SUPERVISORY DOES were acting with the complete authority and ratification of their principal, Defendant CITY.

16.     On information and belief, ORNALES, ARCHULETA, and DOES 1-10 are residents of the CITY.

17.     In doing the acts and failing and omitting to act as hereinafter described, Defendants ORNALES, STEWART, ARCHULETA and DOES 1-10 were acting on the implied and actual permission and consent of CITY.

18.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

19.     The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiffs at this time, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

20.     On December 3, 2019, Plaintiffs J.G., A.G., A.P., and L.P. (hereinafter "the MINOR PLAINTIFFS") filed comprehensive and timely claims for damages with the CITY pursuant to applicable sections of the California Government Code.

21.     On January 8, 2020, the City of Arvin deemed the MINOR PLAINTIFFS' claims as timely filed and rejected those claims.

22.     Plaintiffs were financially dependent upon DECEDENT, to some extent, for the necessities of life.

## JURISDICTION AND VENUE

23.     This civil action is brought for the redress of alleged deprivations of rights under the laws of the State of California and of constitutional rights protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

24.     Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Kern, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

25.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     On December 5, 2018, the City of Arvin Police Department received a call regarding DECEDENT.  Defendants ARCHULETA and ORNALES responded to DECEDENT's residence.  ARCHULETA and ORNALES both tased DECEDENT.  Defendant STEWART also responded to DECEDENT's residence and tased DECEDENT.  ARCHULETA and ORNALES fired multiple shots at DECEDENT using their police firearms.  STEWART integrally participated in and/or failed to

intervene in the shooting.  DECEDENT was struck by shots and died, losing his life and earning capacity.

27.     The uses of force against DECEDENT, including the tasing and the shooting, were excessive and unreasonable because DECEDENT posed no immediate threat of death or serious bodily injury to any person when ARCHULETA, ORNALES, and STEWART used force against him.  Other reasonable measures were available rather than using force against DECEDENT, including but not limited to de-escalating the situation, giving appropriate commands, and giving a warning before using deadly force.

28.     On information and belief, the defendant officers did not give DECEDENT a warning prior to using force against him.

29.     After being tased and shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT immediately.  The delay of medical care to DECEDENT caused him extreme physical and emotional pain and suffering and contributed to his damages.

30.     Plaintiffs J.G., A.G., A.P., and L.P. (to reiterate, "the MINOR PLAINTIFFS") are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural children of DECEDENT.

//

//

//

//

//

//

# FIRST CLAIM FOR RELIEF

## Fourth Amendment—Detention and Arrest (42 U.S.C. §1983)

(By the MINOR PLAINTIFFS against Defendants ARCHULETA, ORNALES and STEWART)

31.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32.     The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable detentions and arrests in violation of their right to privacy.   42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

33.     When Defendants ARCHULETA, ORNALES and STEWART trained their weapons on DECEDENT, tased him, shot him, and handcuffed him, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     ARCHULETA, ORNALES and STEWART detained DECEDENT without reasonable suspicion and arrested him without probable cause.

35.     The conduct of Defendants ARCHULETA, ORNALES and STEWART violated DECEDENT's right to be free from unreasonable searches and seizures, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.     As a result of their misconduct, Defendants ARCHULETA, ORNALES and STEWART are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

37.     The conduct of Defendants ARCHULETA, ORNALES and STEWART in unreasonably detaining and arresting DECEDENT was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary and punitive damages as to Defendant ARCHULETA, ORNALES and STEWART.

38.     The MINOR PLAINTIFFS bring this claim in each case as a successor-in-interest to the DECEDENT, and seek survival damages for the violations of DECEDENT's rights.  Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. §1983)

(By the MINOR PLAINTIFFS against Defendants ARCHULETA, ORNALES and STEWART)

39.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     Defendants ARCHULETA, ORNALES and STEWART used excessive force against DECEDENT when they tased DECEDENT and shot him multiple times without warning.  Defendants ARCHULETA, ORNALES and STEWART's unjustified uses of force against DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

42.     As a result of their misconduct, Defendants ARCHULETA, ORNALES and STEWART are liable for DECEDENT's injuries, either because they were integral participants in the uses of force, including deadly force, or because they failed to intervene to prevent these violations.

43.     The conduct of Defendants ARCHULETA, ORNALES and STEWART was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants ARCHULETA, ORNALES and STEWART.

44.     The uses of force against DECEDENT were excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendants ARCHULETA, ORNALES and STEWART's uses of force violated their training and standard police officer training.

45.     The MINOR PLAINTIFFS bring this claim in each case as a successor-in-interest to the DECEDENT, and seek survival damages for the violations of DECEDENT's rights.  Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment—Denial of Medical Care (42 U.S.C. §1983)**

(By the MINOR PLAINTIFFS against Defendants ARCHULETA, ORNALES and STEWART)

46.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.     After being tased and shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT immediately.

48.     The denial of medical care to DECEDENT by Defendants ARCHULETA, ORNALES and STEWART deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

50.     Defendants ARCHULETA, ORNALES and STEWART knew that failure to provide timely medical treatment to DECEDENT after they tased and shot him could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

51.     The conduct of ARCHULETA, ORNALES and STEWART was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants ARCHULETA, ORNALES and STEWART.

52.     As a result of their misconduct in denying DECEDENT timely medical care, Defendants ARCHULETA, ORNALES and STEWART are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

53.     The MINOR PLAINTIFFS bring this claim in each case as a successor-in-interest to the DECEDENT, and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

## **FOURTH CLAIM FOR RELIEF**

### **Substantive Due Process (42 U.S.C. §1983)**

(By all Plaintiffs against Defendants ARCHULETA, ORNALES and STEWART)

54.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55.     The substantive due process clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

56.     Plaintiff VAUGHAN had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

57.     The MINOR PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their father, DECEDENT.

58.     The aforementioned actions of ARCHULETA, ORNALES and STEWART, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

59.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  ARCHULETA, ORNALES and

STEWART thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

60.     As a direct and proximate cause of the acts of ARCHULETA, ORNALES and STEWART, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, including financial support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

61.     The conduct of ARCHULETA, ORNALES and STEWART was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant ARCHULETA, ORNALES and STEWART.

62.     Plaintiff VAUGHAN brings this claim in her individual capacity and seeks wrongful death damages under this claim.

63.     The MINOR PLAINTIFFS bring this claim individually and seek wrongful death damages.  Plaintiffs also seek funeral and burial expenses, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability—Ratification (42 U.S.C. §1983)

(By the MINOR PLAINTIFFS against Defendants CITY and SUPERVISORY DOES)

64.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.     Defendants ARCHULETA, ORNALES and STEWART acted under color of law.

66.    The acts of Defendants ARCHULETA, ORNALES AND STEWART deprived Plaintiffs and DECEDENT of their particular rights under the United States Constitution.

67.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants ARCHULETA, ORNALES and STEWART, ratified (or will ratify) Defendants ARCHULETA, ORNALES and STEWART's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of Defendant ARCHULETA, ORNALES and STEWART.

68.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant ARCHULETA, ORNALES and STEWART was "within policy."

69.    The MINOR PLAINTIFFS bring this claim in each case as a successor-in-interest to the DECEDENT and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. §1983)

(By the MINOR PLAINTIFFS against Defendants CITY and SUPERVISORY DOES)

70.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.    Defendants ARCHULETA, ORNALES and STEWART acted under color of law.

72.    The acts of Defendant ARCHULETA, ORNALES and STEWART deprived Plaintiffs and DECEDENT of their particular rights under the United States Constitution.

73.    The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

74.    Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.  Specifically, the CITY failed to adequately train its officers with regard to the use of unreasonable and excessive force, particularly deadly force, and the immediate need to use deadly force, as well as failing to train its officers with respect to handling situations involving mentally ill individuals.

75.    The failure of Defendant CITY and SUPERVISORY DOES to provide adequate training caused the deprivation of the Plaintiffs' rights by Defendants ARCHULETA, ORNALES and STEWART; that is, the failure of Defendant CITY and SUPERVISORY DOES to train is so closely related to the deprivation of DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

76.    By reason of the aforementioned acts and omissions, DECEDENT suffered serious bodily injury, emotional distress, a loss of life, and a loss of earning capacity.  Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

77.    The MINOR PLAINTIFFS bring this claim in each case as a successor-in-interest to the DECEDENT, and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

//

//

## **SEVENTH CLAIM FOR RELIEF**

**Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. §1983)**

(By the MINOR PLAINTIFFS against Defendants CITY and SUPERVISORY DOES)

78.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79.     Defendants ARCHULETA, ORNALES and STEWART acted under color of law.

80.     Defendants ARCHULETA, ORNALES and STEWART acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

81.     On information and belief, Defendants ARCHULETA, ORNALES and STEWART were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the tasing and shooting of DECEDENT.

82.     Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

          a)  Using excessive force, including excessive deadly force;

          b)  Providing inadequate training regarding the use of deadly force;

          c)  Employing and retaining as police officers individuals such as Defendant ARCHULETA, ORNALES and STEWART, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

          d)  Inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including

Defendants ARCHULETA, ORNALES and STEWART, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY police officers and sergeants, including Defendants ARCHULETA, ORNALES and STEWART;

f) Failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

      j)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

83.    By reason of the aforementioned acts and omissions, DECEDENT suffered serious bodily injury, emotional distress, and a loss of earning capacity.

84.    Defendants CITY and SUPERVISORY DOES, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

85.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, ARCHULETA, ORNALES and STEWART acted with intentional, reckless, and callous disregard for the life of DECEDENT's and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant CITY and SUPERVISORY DOES were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

86.    The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the CITY Police Department.

87.     The MINOR PLAINTIFFS bring this claim in each case as a successor-in-interest to the DECEDENT, and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

## EIGHTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment** (wrongful death and survival)

(By the MINOR PLAINTIFFS against Defendants CITY, ARCHULETA, ORNALES and STEWART)

88.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89.     Defendants ARCHULETA, ORNALES and STEWART, while working as police officers for the CITY and acting within the course and scope of their duties and employment, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants ARCHULETA, ORNALES and STEWART detained DECEDENT without reasonable suspicion and arrested him without probable cause.

90.     DECEDENT did not knowingly or voluntarily consent to the detention and arrest or restriction of his movement.

91.     The conduct of Defendants ARCHULETA, ORNALES and STEWART was a substantial factor in causing the harm to DECEDENT and Plaintiffs.

92.     Defendant CITY is vicariously liable for the wrongful acts of Defendant ARCHULETA, ORNALES and STEWART pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.     The conduct of Defendants ARCHULETA, ORNALES and STEWART was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

94.     As a result of their misconduct, Defendants ARCHULETA, ORNALES and STEWART are liable for Plaintiffs' injuries.

95.     The MINOR PLAINTIFFS bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, attorney's fees pursuant to 42 U.S.C. § 1988 and costs of suit under this claim.

## NINTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(wrongful death and survival claim)

(By the MINOR PLAINTIFFS against Defendants CITY, ARCHULETA, ORNALES and STEWART)

96.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.     Defendants ARCHULETA, ORNALES and STEWART, while working as CITY police officers and acting within the course and scope of his duties, intentionally tased DECEDENT and intentionally shot DECEDENT multiple times. The tasing and shooting constituted the requisite "touching" element, as well as a use of unreasonable force against DECEDENT to which DECEDENT did not consent.  As a result of the actions of Defendants ARCHULETA, ORNALES and STEWART, DECEDENT suffered severe pain and suffering and ultimately died from his injuries

and lost earning capacity.  Defendants ARCHULETA, ORNALES and STEWART had no legal justification for using force against DECEDENT, and ARCHULETA's, ORNALES's and STEWART's uses of force was unreasonable.

98.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

99.    CITY is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

100.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually, to an award of exemplary and punitive damages.

101.   The MINOR PLAINTIFFS bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

## TENTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §820 and California Common Law)

(wrongful death and survival claim)

(By the MINOR PLAINTIFFS against Defendants CITY, ARCHULETA, ORNALES and STEWART)

102.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.   Police officers, including Defendants ARCHULETA, ORNALES and STEWART, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

104.   Defendants breached this duty of care.  Upon information and belief, the actions and inactions of Defendants ARCHULETA, ORNALES and STEWART were negligent and reckless, including but not limited to:

    a) the failure to properly and adequately assess the need to stop, detain, seize, arrest and/or use force or deadly force against DECEDENT;

    b) the negligent pre-shooting tactics and handling of the situation with DECEDENT;

    c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    d) the failure to provide prompt medical care to DECEDENT;

    e) the failure to properly train and supervise employees, both professional and non-professional, including Defendants ARCHULETA, ORNALES and STEWART;

    f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of scenarios that CITY Police Department officers would frequently and routinely encounter, such as this encounter with DECEDENT;

    g) failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

h)  the negligent handling of evidence and witnesses;

i)  the negligent communication of information during the incident;

105.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

106.   CITY is vicariously liable for the wrongful acts of Defendants ARCHULETA, ORNALES, STEWART and DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

107.   The MINOR PLAINTIFFS bring this claim in each case individually and as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

## ELEVENTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

(By the MINOR PLAINTIFFS against Defendants CITY, ARCHULETA, ORNALES and STEWART)

108.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

109.   Defendants ARCHULETA, ORNALES and STEWART, while working as police officers or sergeants for the City of Arvin Police Department and while acting within the course and scope of their duties, negligently and carelessly inflicted severe emotional distress upon the MINOR PLAINTIFFS when they intentionally used force against DECEDENT in front of the MINOR PLAINTIFFS.

110.   The MINOR PLAINTIFFS were present and/or near the scene of the incident of when ARCHULETA, ORNALES and STEWART used force against DECEDENT.  The MINOR PLAINTIFFS were was aware that DECEDENT was being injured and killed at the time of the force used against him.

111.   As a direct and proximate cause of the conduct of ARCHULETA, ORNALES and STEWART, the MINOR PLAINTIFFS were caused to suffer distress, including but not limited to anxiety, anguish, humiliation, and other injuries to their nervous system.

112.   The MINOR PLAINTIFFS are the natural children of DECEDENT.  At the time of this incident, the MINOR PLAINTIFFS and DECEDENT had a significant, close, and loving parent-child relationship with one another.

113.   The MINOR PLAINTIFFS bring this claim in their individual capacities and seek compensatory damages.

### TWELFTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code §52.1 and California Common Law

(By the MINOR PLAINTIFFS against Defendants CITY, ARCHULETA, ORNALES and STEWART)

114.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 113 of this Complaint with the same force and effect as if fully set forth herein.

115.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  The Defendants' intent to violate the DECEDENT's constitutional rights can be inferred by the Defendants' reckless disregard for the DECEDENT's constitutional rights.

116.   ARCHULETA, ORNALES and STEWART, while working for the CITY and acting within the course and scope of their duties and employment with the CITY, intentionally committed and attempted to commit acts of violence against DECEDENT, including by tasing and shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

117.   When Defendants tased and shot DECEDENT and denied him prompt medical attention, they interfered with his civil rights to be free from unreasonable searches and seizures, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

118.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

119.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants ARCHULETA, ORNALES and STEWART were intended to discourage them from exercising the above civil rights, to retaliate against them for invoking such rights, or to prevent them from exercising such rights.

120.   Defendants intentionally interfered with the above civil rights of DECEDENT, as demonstrated by their reckless disregard for DECEDENT's constitutional rights.

121.   The conduct of Defendants was a substantial factor in causing DECEDENT'S and Plaintiffs' harms, losses, injuries, and damages.

122.   The CITY is vicariously liable for the wrongful acts of ARCHULETA, ORNALES and STEWART pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

123.   Defendants SUPERVISORY DOES are vicariously liable under California law and the doctrine of *respondeat superior*.

124.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants ARCHULETA, ORNALES and STEWART.

125.   The MINOR PLAINTIFFS bring this claim in each case as a successor-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek funeral and burial expenses, attorney's fees pursuant to California Civil Code Section 52 *et seq*. and costs of suit.

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs Lourdes Vaughan, individually, and J.G., A.G., A.P., and L.P., by and through their guardian *ad litem*, Maria Pantoja, individually and as successors in interest to Richard Posadas, deceased, request entry of judgment in their favor and against Defendants City of Arvin, Kevin Archuleta, Aldo Ornales, Patricia Stewart, and DOES 1-10, inclusive, as follows:

    A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law in an amount to be proven at trial;

    B.  For funeral and burial expenses and loss of financial support;

    C.  For punitive damages against the individual defendants in an amount to be proven at trial;

    D.  For interest;

    E.  For reasonable costs of this suit and attorney's fees under state and federal law;

    F.  For such further relief at law or equity as the Court or jury may deem just and appropriate.

DATED:  July 6, 2020          LAW OFFICES OF DALE K. GALIPO

                                 /s/ Dale K. Galipo

                                 _____
                                 Dale K. Galipo
                                 Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  July 6, 2020                    LAW OFFICES OF DALE K. GALIPO


                                        /s/ Dale K. Galipo
                                        _____
                                        Dale K. Galipo
                                        Attorneys for Plaintiffs