UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES VAUGHAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALDO ORNALES, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-0941 NONE JLT<br><br>ORDER GRANTING APPLICATION TO APPOINT MARIA PANTOJA AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS J.G., A.G., A.P., AND L.P<br><br>(Doc. 2) |

　　　Plaintiffs Lourdes Vaughan and minors J.G., A.G., A.P., and L.P.. assert the defendants are liable for violations of the civil rights of Richard Posadas, the father of the minor plaintiffs. In addition, Plaintiffs contend they have suffered an unwarranted state interference in their familial relationship through the wrongful death of Mr. Posadas. (*See* Doc. 1) Maria Pantoja now seeks appointment as the guardian ad litem for her children, J.G., A.G., A.P., and L.P. (Doc. 2) For the reasons set forth below, the request is **GRANTED**.

I.　　**Appointment of a Guardian Ad Litem**

　　　Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Plaintiffs

A.G., L.P., A.P., and J.G. reside in Kern County, California (*See* Doc. 1 at 3,¶¶ 6-9), and the law of the state of California governs.

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). For example, "[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## II.  Discussion and Analysis

A.G., L.P., A.P., and J.G. are the minor sons and daughters the decedent and Ms. Pantoja. (Doc. 1-1 at 2, Pantoja Decl. ¶¶ 1, 4; Doc. 2-1 at 2) As minors, their ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the Complaint, it does not appear there are adverse interests, because Ms. Pantoja is not a plaintiff in the action, and the only claims are asserted on behalf of the minor children of the decedent and his mother. Ms. Pantoja reports she does not have any "interest potentially adverse to … plaintiffs J.G., A.G., A.P. and L.P." (Doc. 1 at 2, Pantoja Decl. ¶ 4)

Because there is neither an actual nor potential conflict of interest between the minor plaintiffs and Ms. Pantoja, the appointment of Ms. Pantoja as guardian ad litem for her children in this action is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (appointment of a guardian is appropriate where the person requesting appointment has "the same interests as the child" and there is no inherent conflict of interest); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

///

### III.     Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it does not appear Ms. Pantoja has conflicting interests with the minor plaintiffs, and as such she may be appointed to represent the interests of her children.  Therefore, the Court is acting within its discretion to grant Plaintiffs' motion for appointment of Ms. Pantoja as their guardian ad litem.  Based upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Maria Pantoja as guardian ad litem for A.G., L.P., A.P., and J.G. (Doc. 2) is **GRANTED**; and
2. Maria Pantoja is appointed to act as guardian ad litem for plaintiffs A.G., L.P., A.P., and J.G., and is authorized to prosecute this action on their behalf.

IT IS SO ORDERED.

Dated:   **July 14, 2020**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE