UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G., A.G., A.P., and L.P., in each case by and through their guardian ad litem, Maria Pantoja, individually and as a successor in interest to Richard Posadas, deceased, and LOURDES VAUGHNAN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ARVIN; KEVIN ARCHULETA; ALDO ORNALES; PATRICIA STEWART,<br><br>Defendants. | Case No. 1:20-cv-00941-JLT-CDB<br><br>**ORDER REQUIRING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING ON PETITION FOR COMPROMISE OF MINORS' CLAIMS**<br><br>**FOURTEEN DAY DEADLINE**<br><br>(ECF No. 10) |

On November 11, 2022, plaintiffs J.G., A.G., A.P., and L.P., by and through their guardian ad litem, Maria Pantoja, filed an unopposed Ex Parte Application for Approval of Compromise of the Claims of Minor Plaintiffs. (ECF No. 24.) The petitions addressed the compromise of the minors' claims under California Rules of Court 7.950 and 7.951 as well as Federal Rule of Civil Procedure 17(c).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the

settlement serves the best interests of the minor.'" Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Local Rules for this district provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). "In actions in which the minor . . . is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative." L.R. 202(b)(1). In all other actions, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

Additionally, under Robidoux, the Court is to consider if the "net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and **recovery in similar cases.**" Robidoux, 638 F.3d at 1181-82

(emphasis added).

Here, plaintiffs' Ex Parte Application does not contain sufficient information to enable the Court to determine under Robidoux whether the proposed compromise is "fair and reasonable." Specifically, in support of the proposed compromise figure of $225,000, plaintiffs fail to explain how that amount is tethered to the facts and circumstances under which this action arose, including whether any particular challenges were encountered that justify the proposed settlement amount. Likewise, plaintiffs wholly fail to address recoveries in similar cases in sufficient detail for the Court to consider the fairness of the settlement here. Furthermore, plaintiffs do not set forth how they reached the reimbursement figure of $7,949.67 to be divided among the minor plaintiffs.

Based on the foregoing, IT IS HEREBY ORDERED that within **fourteen (14) days** of the date of entry of this order, plaintiffs shall file a supplemental brief addressing the issues identified in the paragraph above.

IT IS SO ORDERED.

Dated: **November 16, 2022**

UNITED STATES MAGISTRATE JUDGE